```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
UNITED STATES OF AMERICA,                                        :
                                                                 :
                                                                 :
              -v-                                                :        20-cr-607 (LJL)
                                                                 :
RAY VELA,                                                        :        MEMORANDUM AND
                                                                 :             ORDER
                           Defendant.                            :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/15/2024

LEWIS J. LIMAN, United States District Judge:

Defendant Ray Vela moves, through counsel and pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, for a reduction of his sentence to a term of imprisonment of 21 months. Dkt. No. 81. The Government opposes the motion. Dkt. No. 84.

## DISCUSSION

Section 3582(c)(2) of Title 18 authorizes the Court, on motion or on its own motion, to reduce the term of imprisonment of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . after considering the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020). Section 1B1.10 of the U.S. Sentencing Guidelines is the applicable policy statement. U.S.S.G. § 1B.10. "The statute . . . establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817,

826 (2010).  A court generally may not reduce the defendant's term of imprisonment to a term less than the minimum of the amended Guideline range.  *Id.* at 827.

Mr. Vela is eligible for a modification of sentence.  *See* Dkt. No. 83 at 2 (supplemental presentence report).  The Court sentenced Mr. Vela on June 12, 2023, to a term of imprisonment of 24 months, at the bottom end of the applicable Sentencing Guidelines range of 24–30 months.  Dkt. No. 77 at 13, 35.  That range was based, in part, on the calculation that Mr. Vela's criminal history score was five, resulting in a criminal history category of III.  But the criminal history score of five, in turn, was based on the finding that Mr. Vela committed the offense of conviction while under federal supervised release, and Part A of Amendment 821 to the Sentencing Guidelines, which was made to apply retroactively as of February 1, 2024, eliminates the status points for committing a crime while on federal supervised release.  *See United States v. Laporta*, 2024 WL 1348691, at *2 (E.D.N.Y. Mar. 29, 2024).  Under the Guidelines as amended, Mr. Vela's criminal history score is three, his criminal history category is II, and the Guidelines range is 21 to 27 months' imprisonment.  Dkt. No. 83 at 2–3.

The Court declines to reduce Mr. Vela's sentence.  *See United States v. Brooks*, 891 F.3d 432, 436 (2d Cir. 2018) ("[A] sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2).").  Even though the Court sentenced Mr. Vela to a term of imprisonment at the bottom of the Guidelines range, it did not base that sentence on the Guidelines range itself.  Rather, it based the sentence on the Section 3553(a) factors.  Dkt. No. 77 at 30; *see United States v. Hilliard*, 2024 WL 1193606, at *2 (S.D.N.Y. Mar. 20, 2024).  The Court was aware of the pending change in the Guidelines at the time it imposed sentence.  Dkt. No. 77 at 7–8, 21–22.  It nonetheless believed that the 24-month sentence was necessary to specifically deter Mr. Vela from future criminal conduct and to protect the public.  The Court

2

noted that Mr. Vela had a "troubling" criminal record since age 23 and expressed concern about Mr. Vela's "current ability or willingness to lead a law-abiding life." Dkt No. 77 at 31–32. The Court has re-reviewed the record of this case and "considered anew all of the § 3553(a) factors that it originally considered at sentencing." *Hilliard*, 2024 WL 1193606, at *2. It also notes that Mr. Vela received five disciplinary reports in the limited time he has been incarcerated. Dkt. No. 83; *see Laporta*, 2024 WL 1348691, at *2. The 24-month sentence that the Court imposed on Mr. Vela continues to be the least restrictive sentence necessary to satisfy the statutory purposes of sentencing. *See United States v. Stephens*, 2024 WL 797829, at *3 (W.D.N.Y. Feb. 22, 2024).

## CONCLUSION

Mr. Vela's motion is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 81.

SO ORDERED.

Dated: April 15, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

3